UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


PIERRE MANDZANDZA
    Plaintiff,

  vs.                                       Civil No. O6-1005 (EGS)

AIU INSURANCE COMPANY
    Defendant.
_____/


## SCHEDULING AND MAGISTRATE REFERRAL ORDER

    Pursuant to the Status Conference held on **SEPTEMBER 26,2006**, and the joint report filed pursuant to Local Rule 16.3(d), it is hereby

    ORDERED that :

    (1) Discovery shall be completed by **JANUARY 30, 2007.** Each party is limited to twenty-five interrogatories to any other party and five depositions. Plaintiff must file any Rule 26(a)(2) statements by **OCTOBER 30, 2006.** Defendant must file any Rule 26(a)(2) statements by **NOVEMBER 30, 2006.**

    (2) The parties shall file a joint status report no later than 48 hours prior to each Status Conference scheduled with the Court. Parties are strongly encouraged to file a joint submission, however, if parties are unable to agree on a joint submission, individual reports may be filed. Submissions shall be approximately two pages and shall address the following: (1) the date of the last court appearance; (2) the current case status; (3) any pending motions; (4) any matters that the parties will be asking the Court to resolve at the Status Conference; and (5) the

parties' recommendations as to how the case should proceed.

(3) Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court pursuant to paragraph (6) supra. Counsel are hereby notified that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees. Counsel shall not file a discovery motion without following the procedures set forth in this paragraph.

(4) Any motion that does not comply with LCVR 7.1(m) will be, sua sponte, stricken by the Court from the record.

(5) Every pleading should indicate, immediately below the Civil Action No. in the caption, the next scheduled Court deadline, such as a status conference, or pretrial conference, or trial date.

(6) There shall be a further status conference in the courtroom of the undersigned Judge on **JANUARY 30, 2007 AT 12:30 P.M.** Counsel must bring full settlement authority to this conference. If settlement is not reached, a pretrial conference date will be selected. Counsel must be prepared at the status conference to advise the Court of the expected length of trial and the number of fact and expert witnesses that party will present. The attorneys who will try this case before the Court are directed to appear at all hearings, unless excused by the Court in advance of the hearing date.

(7) Counsel are directed not to communicate with anyone on Judge Sullivan's staff on an ex parte basis. In the event it is

absolutely necessary to communicate with Judge Sullivan's staff regarding this case, counsel are directed to arrange, at their expense, a conference telephone call with counsel for all other parties, and any pro se party, and speak directly with either Judge Sullivan's secretary, Geri Kyler, at 354-3260, or the courtroom deputy, Carol Votteler, at 354-3152.  It will not be the responsibility of anyone on Judge Sullivan's staff to arrange any telephone calls.

(8) All dates in this Order are firm, may not be altered by the parties, and, absent truly exceptional and compelling circumstances, will not be altered by the Court.  Any request for an extension of time shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates.

(9) This case is referred to Magistrate Judge Alan Kay for settlement purposes.  Parties and persons with settlement authority are directed to attend the settlement sessions.

(10) Counsel are admonished to read the Circuit's opinion in <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al., 101 F.3d 145, 152 (D.C. Cir. 1996)</u>  (in implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice).

(11) The parties are directed to contact the Courtroom Technology Administrator, John Cramer, regarding the use of evidence-presentation technology or equipment no later than twenty-

one (21) days prior to trial, Mr. Cramer can be reached at (202)345-3019.

**ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleadings filed electronically in the above captioned case to supernumerary attorneys of a law firm who have not entered their appearance on the electronic case filing system (ECF) and registered for a password granting them access to electronic dockets.

IT IS SO ORDERED.


DATE: September 27, 2006              EMMET G. SULLIVAN
                                UNITED STATES DISTRICT JUDGE